# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ARCH COAL, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 17-0152** (BOR Appeal No. 2051542)
                     (Claim No. 2016026271)

**JIMMIE LEMON,**
**Claimant Below, Respondent**

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

In this workers' compensation action, Jimmie Lemon, a laborer, alleges he injured his back when the equipment he was operating hit a hole, jostling him out of his seat. We are asked to decide whether this injury was properly found to be non-compensable. We are guided by West Virginia Code § 23-4-1 (2008), which provides that an injury is compensable if it was a personal injury received in the course of and resulting from employment. We hold that Mr. Lemon did not sustain a compensable injury in the course of his employment. Further, after consideration of the parties' briefs and the evidentiary record, we find that the decisional process would not be significantly benefitted by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material misstatements or mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Lemon has a long history of lower back problems. In 2002, he sustained a work-related injury. The claim was held compensable for backache, lumbosacral sprain/strain, thoracic sprain/strain, and unspecified trunk injury, among others. In a 2008 claim, he injured his back at work. A 2009 treatment note by Rajesh Patel, M.D., indicates Mr. Lemon was seen in consultation for his back and right leg. He had severe, burning pain in his lower back that went down into his right leg and groin. He also had numbness in his feet and toes. The assessment was to rule out a herniated disc at L5-S1, right S1 radiculopathy, and possible right hip labral tear. A lumbar MRI taken in March of 2009, showed mild concentric bulging of L4-5 and L5-S1. There were no herniations or stenosis. Shortly after, Mr. Lemon was treated by Dr. Patel and reported that he was still having intense pain in his back and right leg. The assessment was lumbar sprain and right hip subchondral cyst. The MRI findings were not enough to warrant surgical intervention in Dr. Patel's opinion.

1

Following the compensable injury in the instant claim, Michael Kominsky, M.D., noted in a narrative report that the assessment of Mr. Lemon was right L5-S1 disc protrusion with nerve root compression; lumbar, pelvic, and sacral joint dysfunctions; and lumbar facet syndrome. Physical therapy was recommended. A lumbar MRI taken in April of 2016, showed a right disc herniation and bulge at L4-5 causing nerve impingement, degenerative disc disease at L5-S1 and T11-T12, and an enlarging cyst in the right mid renal pole.

In a statement, Ronald Price, general mine foreman, indicated that Mr. Lemon came to his office with a modified work slip complaining that his back hurt and his doctor recommended he take it easy while at work. He had a limp and was moving slowly. When asked, Mr. Lemon stated he did not know what happened to his back. Mr. Lemon was not allowed to go into the mine because the slip only said modified duty and did not give a good description of limitations. He was instructed to return after his next doctor's appointment.

Kenneth Evans, mine manager, also completed a statement in which he said that Mr. Lemon came to work the day after the alleged injury with a modified duty slip. He stated his back hurt, and his doctor wanted him to be off of work. However, he told the doctor that he had to work. Mr. Lemon was told by Mr. Price that he could not work. Mr. Lemon was scheduled to come in four days later. Mr. Evans asserted that Mr. Lemon did not mention bring injured work nor did he fill out an accident report. He came to work about a week after the incident occurred and asked to fill out an accident report. When asked why he did not say anything before, Mr. Lemon stated that an MRI showed a bulged disc and a pinched nerve. When asked when it happened, he responded that it was hard to put a date on it and said that it was due to the normal wear and tear of working.

In a statement, Donnie Crum, assistant general mine foreman, noted that Mr. Lemon always moved as if his back hurt. He had asked him many times if he was okay. Mr. Lemon always responded that he was fine and that it was due to a previous injury when he was younger. Mr. Lemon never reported that the job he was performing caused him to be injured in any way. A few days before the alleged injury, while working, Mr. Crum again asked Mr. Lemon if he was okay. Mr. Lemon responded that he was fine and stated he did not hurt his back while working for the employer.

In a second statement, Mr. Price reported that Mr. Lemon came to work and asked to fill out an accident report. When asked how he injured himself and why he did not report it, Mr. Lemon responded that he could not put a date on years of wear and tear. He reasoned that since he does nothing but work and go home, it must have happened at work. Mr. Lemon further stated that he remembered an occasion when he was running a shuttle car and his back hurt so badly that he was sent home early. He also said that an MRI showed a few bulging discs, so he decided he should turn it in under workers' compensation.

John Orphanos, M.D., treated Mr. Lemon for the alleged injury and noted that he was seen for low back and bilateral leg pain. The impression was intervertebral disc disorders with

radiculopathy in the lumbar region. Dr. Orphanos noted that Mr. Lemon injured his back while operating equipment and bouncing in the seat.

The Employer's Report of Injury indicates the injury was reported one week after it allegedly occurred. Arch Coal, Inc., indicated it suspected a prior injury to the back and had reason to question the injury. Mr. Lemon's Report of Injury indicates that he injured his back while working for Arch Coal, Inc. He asserted that he was running a supply motor on a rough road, hit a hole, and bounced out of his seat. The physician's section lists the injury as an occupational lumbar sprain.

A disability management medical request form indicates Mr. Lemon's primary diagnosis was L4-5 disc herniation with nerve root impingement. It was noted that the condition was not work-related. He was scheduled for lumbar surgery, which Dr. Orphanos performed in June of 2016. In a treatment note, Dr. Orphanos noted that Mr. Lemon underwent surgery but still had some weakness of the right proximal lower extremity, likely secondary to nerve root retraction. In July, Dr. Orphanos noted that Mr. Lemon still had severe pain in the right lower extremity.

In a record review, David Soulsby, M.D., assessed lumbar degenerative disc disease. He opined that the MRI showed the natural progression of degenerative disc disease, and Mr. Lemon's herniated disc is chronic in nature. He further opined that Mr. Lemon did not sustain a work injury. Dr. Soulsby found that Mr. Lemon suffered from chronic neck and back pain long before the alleged injury occurred. He experienced an exacerbation severe enough to make him seek medical attention only days before the alleged injury. Dr. Soulsby stated that at the very most, there may have been a minor exacerbation of a pre-existing condition. However, he found no evidence of any significant injury. He stated that Mr. Lemon's symptoms are the result of his pre-existing back conditions.

In a hearing before the Office of Judges, Mr. Lemon testified that his shift was to end at 12:20 a.m., but at 8:30 p.m., he was operating equipment when he hit a bump that raised him from his seat. He came back down and felt pain in his back and leg. He called his boss, Donnie Crum, around 10:30 p.m. and told him that he was going home. Mr. Lemon stated that he knew he had arthritis and was treated by Dr. Kominsky for pain; however, that pain was mostly in the mid-back, neck, and shoulders. He asserted that he talked on the radio with Mr. Crum the day he was injured and left his shift early. Mr. Lemon's wife also testified that he came home three hours early the night in question and was in pain.

In a comparison report, Jonathan Luchs, M.D., noted that the April of 2016, MRI was relatively unchanged compared to the March of 2009, MRI, with the exception of the typical progression of degenerative disc disease and interval development of what appears to be a chronic disc herniation at L4-5. In an aging analysis report, Dr. Luchs concluded that the 2009 MRI demonstrates degenerative disc disease with degenerative disc bulging resulting in encroachment of the bilateral recesses along with mild facet arthropathy. All of which are chronic degenerative processes.

The claims administrator rejected the claim. The Office of Judges reversed the decision and held the claim compensable for herniated L4-5 disc. It found that the medical record establishes that after the injury, an MRI showed a right disc bulge at L4-5. The Office of Judges found the disc herniation could certainly be the cause of Mr. Lemon's symptoms. He testified in a deposition he was operating equipment when he hit a bump that raised him from his seat, causing back and leg pain. Mr. Lemon asserted that he talked on the radio with Mr. Crum the day he was injured and left his shift early. The Office of Judges concluded that there was slightly more evidence that indicates a compensable injury occurred causing a herniated disc. It noted that there was no contradictory evidence concerning the fact that Mr. Lemon had to leave two hours early on the date he alleges he was injured. The Office of Judges therefore concluded that he sustained an L4-5 herniated disc in the course of his employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 20, 2017.

On appeal before this Court, Arch Coal, LLC, argues that Mr. Lemon suffered from significant low back problems related to degenerative disc disease long before the alleged injury in this case. It asserts that treatment notes show that Mr. Lemon's symptoms were a flair-up of his preexisting pain, and Dr. Soulsby concluded that he sustained no new injury. Mr. Lemon asserts that he presented sufficient evidence to show that he sustained a work-related injury. An MRI taken prior to the injury showed no disc herniations whereas the MRI taken after the injury showed a herniation at L4-5.

After review, we find that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. Mr. Lemon testified that he hurt his back while operating equipment; however, he was unable to explain how he was injured when asked the day after the injury occurred. He previously had a disc bulge at L4-5, as seen on the March 2009 MRI. The April 2016 MRI showed that disc had herniated. Though Dr. Orphanos noted that Mr. Lemon was injured at work, Dr. Soulsby opined in his record review that he found no evidence of any significant injury on the date in question and stated that Mr. Lemon's symptoms are the result of his preexisting back conditions. Dr. Luchs, who performed both a comparison and an aging analysis report, determined that the herniated disc is the result of the typical progression of degenerative disc disease and interval development of what appears to be a chronic disc herniation at L4-5. The preponderance of the evidence shows that Mr. Lemon was not injured in the course of or resulting from his employment. For the foregoing reasons, we find that the decision of the Board of Review is based upon material misstatements or mischaracterizations of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the claims administrator's April 29, 2016, rejection of the claim.

Reversed and Remanded.

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Menis E. Ketchum

**DISSENTING:**
Justice Margaret L. Workman
Justice Elizabeth D. Walker